**ROSELINE D. FERAL**
Attorney at Law
State Bar No.128788
444 West "C" Street, Suite 310
San Diego, California 92101
Telephone:   (619) 232-1010
Facsimile:     (619) 231-2505

Attorney for Defendant
**DALE STAMPER**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:07CR3218 |
| Plaintiff, | **NOTICE OF MOTION AND MOTIONS FOR:** |
| vs. | **1.  DISCOVERY;** |
| | **2.  AND LEAVE TO FILE FURTHER MOTIONS** |
| DALE STAMPER, | |
| Defendants. | MOTIONS: January 7, 2008<br>TIME: 11:00 A.M. |

**TO: PLAINTIFF, UNITED STATES OF AMERICA, AND ITS ATTORNEY OF RECORD, UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that at the above designated time and place defendant **DALE STAMPER** will move the court for an order compelling discovery and to suppress statements in the instant case with respect to the items set forth in the attached memorandum of law, based upon the constitutional, statutory and judicial authorities cited herein. Defense counsel will further move the court for leave to file further motions herein as may be warranted by discovery materials produced in the case.

Said motions are based upon the instant motion, the attached memorandum of law, and on such evidence and argument as may be presented at the hearing on the motion.

///

///

1 | Dated: <u>December 5, 2007</u>                    Respectfully submitted,

3                                                                  <u>   s/ Rosline D. Feral   </u>
                                                                   ROSELINE D. FERAL
4                                                                  Attorney for Defendant
                                                                   DALE STAMPER

**ROSELINE D. FERAL**
Attorney at Law
State Bar No.128788
444 West "C" Street
Suite310
San Diego, California 92101
Telephone: (619) 232-1010
Facsimile: (619) 231-2505

Attorney for Defendant
**DALE STAMPER**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE JEFFERY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 07CR3218 |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** |
| vs. | |
| DALE STAMPER, | |
| Defendant. | |

### STATEMENT OF THE CASE

On or about November 23, 2007, a grand jury indictment indicted Defendant on six counts. Count One: Title 8, United States Code (hereinafter U.S.C.), Section 1324 (a) (2) (B) (ii), and Title 18, U.S.C., Section 2. Count Two: Title 8, U.S.C., Sections 1324(a) (1) (A) (ii) and (v) (II). Count Three: Title 8, U.S.C., Section 1324 (a) (2) (B) (ii), and Title 18, U.S.C., Section 2. Count Four: Title 8, U.S.C., Sections 1324(a) (1) (A) (ii) and (v) (II). Count Five: Title 8, U.S.C., Section 1324 (a) (2) (B) (ii), and Title 18, U.S.C., Section 2. Lastly, Count Six: Title 8, U.S.C., Sections 1324(a) (1) (A) (ii) and (v) (II).\

The motions hearing is currently set for January 7, 2007. The defendant never received "Fast Track "offer from the government. To date no discovery has been provided to defense counsel.

///

///

**I.**

**STATEMENT OF FACTS**

The following statement of facts is taken from the probable cause statement written by Special Agent John Chakwin, on November 15, 2007. Dale STAMPER (hereinafter "STAMPER") in no way adopts this statement, and reserves his right to make any and all appropriate objections the stated facts.

On November 15, 2007, while on routine marine patrol, Customs and Border Protection (hereinafter "CBP") Marine Interdiction (hereinafter "MI") Agents identified a small vessel heading north without navigational lights. MI Agents observed six individuals aboard the vessel, commanded the vessel to halt, and boarded the vessel, taking the driver STAMPER into custody. Agents immediately identified the vessel as a potential migrant smuggling vessel, and questioned the passengers about their citizenship. Five of the individuals were Mexican Citizens. STAMPER told the agents that he had traveled from a location south of the United States and Mexican border. All six passengers were transferred to San Ysidro Port of Entry for further questioning. During transport, STAMPER's phone rang, and Agent Levan responded under the ruse of being STAMPER. An Unidentified Male (hereinafter "UM") told Agent Levan to bring the vessel to Mission Bay where a van would be awaiting his arrival. Agent Levan continued to communicate with the UM over the next few hours. Eventually, the UM contacted Agent Levan and told him that two individuals were in the bathroom at Pepper Park waiting. ICE Marine Task Force Agents located and arrested the two males later identified as, Oscar Eduardo PRUDENCIO-Cueva and Hugo Israel RODRIGUEZ-Arzate. PRUDENCIO told Agents that he had been told by smugglers to either pay $1,800.00 (U.S. dollars) or help smuggle for them. PRUDENCIO was provided a cellphone and instructed to report to a beach on November 14, 2007 to receive a alien load. PRUDENCIO stated that one of the smugglers told him a vessel would be arriving at the marina, and he was to help smuggle the load of aliens. Three of the passengers aboard the vessel stated that STAMPER was the driver. The three passengers also stated that they were paying $3,500.00 or $4,500.00 each to be smuggled into the U.S. STAMPER was asked if he would like any or all of the the witnesses to be retained, and he declined to retain any of the individuals.

///

**I.**

**MOTION TO COMPEL DISCOVERY**

**A.    Defendant is Entitled to Discovery of Defendant's Statements**

Pursuant to Rule 16(a)(1)(A), Brady v. Maryland, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests the disclosure of all statements, written, oral, and recorded, made by defendant which are in the possession, custody, or control of the government or which by the exercise of due diligence may become known to the Government, regardless of to whom the statements were made.

This includes all rough notes of government agents which include statements of Defendant.

A defendant has a right to inspect these requested statements. This has been extended to permit discovery of written summaries of the defendant's oral statements contained in handwritten notes of government agents. United States v. Johnson, 525 F.2d 999(2d Cir. 1975); United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

**B.    Defendant is Entitled to Disclosure of any Prior Similar Convictions or Prior Similar Acts**

Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, upon request of the defendant, the government shall furnish to the defendant a copy of defendant's prior criminal record, if any, as is within the possession, custody, or control of the government. Defendant makes this request.

The Defendant also requests that the Government provide discovery of any prior similar acts which the Government will intend to introduce into evidence pursuant to Federal Rule of Evidence 404(b). The defendant must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See United States v. Cook, 609 F.2d 1174 (9th Cir. 1985).

**C.    Defendant is Entitled to Examine any Documents, Tangible Items, and the like which are in the Possession, Custody, or Control of the Government**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(c) and Brady v. Maryland, 373 U.S. 83 (1963), the Defendant requests the opportunity to inspect and copy all books, papers, documents, photographs, and tangible items which are in the possession, custody, or control of the Government and which are material to the preparation of the defense intended for use by the Government as evidence in the case in chief. The Defendant further makes these requests pursuant to Brady v. Maryland on the

1  ground that this evidence may provide exculpatory information that is beneficial to the Defendant in the
2  defense against the charges in the indictment.

3  The request includes, but is not limited to the following: All search warrants and their
4  accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted by
5  law enforcement officers pursuant to warrants and/or otherwise (this request includes the searches of all
6  residences, businesses, automobiles, and other locations regarding this case); all tape-recorded
7  conversations, closed circuit television surveillance of suspects, telephone toll analysis, bank records and
8  financial documents involving the case. This request also includes the results of all follow-up
9  investigations regarding the above-requested evidence. These requests are made pursuant to Federal Rule
10 of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83 (1963).

11 **D.    Due Process Exculpatory Information**

12 Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972),
13 and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests disclosure
14 of all information of whatever form, source, or nature which tends to exculpate Defendant by indicating
15 innocence, contradicting the Government's theory of the case, and impeaching the credibility of potential
16 government witnesses. This request specifically includes all co-conspirator statements, indicted and
17 unindicted, all third party witness statements interviewed by government agents and/or of which the
18 Government has custody dominion, or control. This request includes all recorded conversations,
19 electronic, mechanical, stenographic, or otherwise, of all co-conspirators, indicted and unindicted, all
20 defendants, and all potential witnesses whose statements are relevant to the subject matter charged in
21 the indictment and are in the possession, custody, or control of the government. It also includes such
22 statements within the meaning of 18 U.S.C. Section 3504.

23 Defendant requests the government to provide all statements made by all potential witnesses.
24 The term "statements" as used in this request include tape-recorded conversations, rough notes,
25 correspondence, memoranda, or reports prepared directly by such persons and/or by any government
26 agents (of any government entity) or attorneys. It includes all Grand Jury testimony, as well as previous
27 in-court and trial testimony. It includes all government debriefings of all potential witnesses. If such
28 statements were given orally to any government agent, Defendant requests that they be committed to
   writing and produced forthwith.

1    In addition, Defendant requests access to prior testimony of all government witnesses. Two statutory provisions and one major constitutional provision must be considered in resolving any questions involving compelled disclosure of government witness statements. First, the Jenks Act, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by the Act, and prohibits any order requiring production prior to the completion of direct examination of the witness. Second, Federal Rule of Criminal Procedure 16(a)(2) excludes from the operation of the general discovery provisions of Rule 16 those reports, memoranda, and internal government documents generated during the course of an investigation into the case, except as provided in the Jencks Act. The Rule does not prohibit the disclosure of such items, but states, merely, that it does not authorize them. Third, an overriding principle requires the government to disclose all exculpatory material in its possession. See Brady v. Maryland, 373 U.S. 83 (1963). Defendant makes this request under all three provisions.

As part of this request Defendant also requests the name, address and telephone number of each person the Government intends to call as a witness at trial. Additionally, Defendant requests the name, address and telephone number of each person who was present during or had material information regarding, any act or transaction charged in the indictment, whether or not the Government intends to call such a person as a witness at the trial. The request includes a list of all witnesses appearing before the Grand Jury in connection with this case. Advance disclosure of witnesses is essential if Defendant's Sixth Amendment right to effective assistance of counsel is to have any real meaning. This request is properly before the court. See United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984); Wilson v. Rose, 366 F.2d 611 (9th Cir. 1966).

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Davis v. Alaska, 415 U.S. 308 (1974), Defendant makes the following request for:

1) All impeaching evidence such as prior records, prior inconsistent statements, evidence for bias, interest, or motive, and prior uncharged bad acts of all the potential witnesses in this case;

2) All formal or informal promises to reward a witness, such as promises of probation, promises of monetary gain, payment of living or medical expenses, payment for transportation or promises of witness protection;

3) All information relating to alcohol or drug abuse treatment of all potential witnesses, and

all information relating to drug uses of each potential witness;

4) All information relating to the use of aliases or fictitious names by each potential government witness;

5) All information relating to prior acts of all potential witnesses which are probative of their character for untruthfulness within the meaning of Federal Rule of Evidence 608(b); and,

6) All information relating to contradictory statements made by all potential government witnesses or agents or representative of any law enforcement entity or other persons.

**E.    Request for Expert Witness Information**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963), Defendant requests to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments which are within the possession, custody or control of the Government, the existence of which is know, or by the exercise of due diligence may become known to the attorney for the Government, and which reports are material to the preparation of the defense or intended for use by the Government as evidence in their case in chief at trial.

In regards to this expert information, Defendant requests all rough notes, memoranda, correspondence and reports setting forth the results, whether positive or negative, of all expert analysis regarding fingerprints or any of the seized evidence, scientific analysis of any of the recorded conversations and/or closed circuit television surveillance. In regards to this latter request, Defendant requests the opportunity to perform independent scientific analysis on all recorded conversations and all closed circuit television surveillance conducted in this case.

**F.    Defendant is Entitled to Disclosure of the Evidence the Government Intends to Use Against Defendant at Trial**

Pursuant to Federal Rule of Criminal 12(d), Defendant requests that this court order the Government to disclose the evidence it intends to use against defendant at trial. This request includes any evidence which Defendant may be entitled to under Federal Rule of Criminal Procedure 16 subject to any relevant limitation prescribed by that rule.

///

///

## II.

## PRESERVE ROUGH NOTES

Defendant hereby moves this court to order:

1) Preservation and production of rough notes of government witness interviews and the interrogatories of defendant; and,

2) Sanctions for destruction of any of the rough notes including the exclusion of any witness' testimony as to which the rough notes have been destroyed.

The grounds for this motion are that rough interview notes must be preserved and disclosed to the defense under the Federal Rule of Criminal Procedure, Rule 16 and 18 U.S.C. Section 3500.

## III.

## MISCELLANEOUS ADDITIONAL DISCOVERY REQUESTS

A. All government forms, notes, memoranda signed by Defendant in connection with, or as a result of the arrest herein.

B. Copies of all sound or video tape recordings taken of Defendant and any material witnesses during the course of the investigation and arrest herein, and any and all existing transcripts thereof.

## IV.

## LEAVE TO FILE FURTHER MOTIONS

A continuance may be warranted in this matter due to the fact that further discovery is required in order to adequately prepare motions; at this date, some discovery has been provided. Accordingly, Defendant prays for leave to file further motions should such motions be warranted.


Dated: December 5, 2007                    Respectfully submitted,


                                           s/ Roseline D. Feral
                                           ROSELINE D. FERAL
                                           Attorney for Defendant
                                           DALE STAMPER