KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>DALE STAMPER (1), )<br>OSCAR EDUARDO )<br>    PRUDENCIO -CUEVA (2), )<br>HUGO ISRAEL )<br>    RODRIGUEZ-ARZATE (3), )<br>)<br>Defendants. )<br>_____ ) | CRIMINAL CASE NO. 3:07-CR-3218JM<br><br>DATE:    January 7, 2008<br>TIME:    11:00 a.m..<br><br>GOVERNMENT'S STATEMENT OF FACTS<br>AND MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF ITS<br>MOTIONS FOR:<br><br>(1) RECIPROCAL DISCOVERY<br>(2) LEAVE TO FILE FURTHER MOTIONS |

**I**

**STATEMENT OF THE CASE**

On November 28, 2007, the Government filed a six count indictment charging Dale Stamper (1), Oscar Eduardo Prudencio (2), and Hugo Israel Rodriguez-Arzate (3) (collectively "Defendants"), with violating 8 U.S.C. § 1324(a)(2)(B)(ii), Bringing in Illegal Aliens for Financial Gain; Title 18 U.S.C. § 2, Aiding and Abetting; and Title 8 U.S.C., Sections 1324(a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and Aiding and Abetting. On December 4, 2007, all defendants were arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

On November 15, 2007, at approximately 12:15 a.m., Customs and Border Protection (CBP) Marine Interdiction Agents (MIA) identified a vessel approximately 19 feet in length and bearing registration "CF 3015 NA" was moving in a northerly direction with no navigational lights. Agents approached the vessel and observed six people on board. Agents then commanded the vessel to halt, boarded the vessel. Agents immediately identified the vessel as a potential migrant smuggling vessel, and questioned all on board regarding their citizenship. Defendant Stamper identified himself as a United States citizen, while the remaining passengers claimed to be Mexican citizens. Stamper told the agents that he had traveled from a location South of the US/Mexico border. Agents thereafter seized the vessel and arrested Defendant Stamper and the other passengers.

Agents brought the vessel, Stamper, and the five passengers to the Marine Corps Recruit Depot (MCRD) to hand the case over to Immigration and Customs Enforcement (ICE) Marine Task Force (MTF) agents. After agent Levan arrived, he asked the CBP agents if Stamper had a cell phone. As he was handed the phone, it began to "chirp." Levan responded to the call under the ruse of being Stamper. Levan told the unidentified male on the phone that he was having fuel filter problems, was running late, and that he (the unidentified male) needed to pick a closer spot such as Mission Bay. The unidentified male told agent Levan (acting as Stamper) that it was no problem. The unidentified male then noted they would meet him in Mission Bay and to give them awhile to set up.

After several discussions and failed attempts to meet up, the unidentified male agreed to meet agent Levan (acting as Stamper) in the San Diego Harbor, Pepper Park, in National City.

At approximately 5:30 a.m., the unidentified male informed agent Levan that there were two spotters that would meet him once he arrived and he could find the spotters at the bathroom in the park. Approximately twenty minutes later, agent Levan witnessed a white Suburban pull into Pepper Park and drop off a Hispanic male. Agent Levan witnessed the Hispanic male meet up with another Hispanic male. Agent Levan observed both individuals walk the parking lot at Pepper park and then head towards the bathroom at the park. At approximately 6:00 a.m., Agent Levan contacted the unidentified male he had been speaking with and told him that he was ready to bring the boat into the park. The unidentified

male told Agent Levan (acting as Stamper) that he was to dock the vessel, leave the people onboard, and meet with the two males that were located at the bathroom of the park. Agent Levan asked the unidentified male if he was sure the males were at the bathroom. The male responded that he was positive, since had just spoken with them. Agents thereafter made contact with the two males in the restroom, Hugo Rodriguez-Arzate and Oscar Prudencio-Cueva and queried them regarding their immigration status. Both admitted they were in the United States illegally. Rodriguez-Arzate and Prudencio-Cuevas were subsequently arrested. In subsequent interviews following a waiver of their Miranda rights, both admitted they were waiting to receive an alien smuggling load they were told was to arrive at the marina.

### III

### MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from Defendants. To date Defendants have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which Defendants intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendants' requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by defendants. This rule thus provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### IV

### **LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

### VI

### **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery and leave to file further motions be granted.

DATED: December 31, 2007.

                                                Respectfully Submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                *s/ Aaron B. Clark*
                                                AARON B. CLARK
                                                Assistant U.S. Attorney
                                                Email: aaron.clark@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | Criminal Case No. 3:07-CR-3023-JM |
| ) | |
| Plaintiff,       ) | |
| ) | |
| v.       ) | CERTIFICATE OF SERVICE |
| ) | |
| ) | |
| DALE STAMPER (1),       ) | |
| OSCAR EDUARDO       ) | |
| PRUDENCIO -CUEVA (2),       ) | |
| HUGO ISRAEL       ) | |
| RODRIGUEZ-ARZATE (3),       ) | |
| ) | |
| Defendants.       ) | |
| ) | |

IT IS HEREBY CERTIFIED THAT:

I, Aaron B. Clark, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' **Motion for Reciprocal Discovery and Leave to File Further Motions** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Rosaline Feral
   rferal@aol.com

2. Jodi Thorp
   jodithorp@thorplawoffice.com

3. Jack Boltax
   jbefile@gmail.com

4. Tamra DeHaan
   dehaanesq@cox.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2007

    s/ *Aaron B. Clark*
    Aaron B. Clark