KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6787

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>DALE STAMPER (1),<br>OSCAR EDUARDO<br>　　　PRUDENCIO -CUEVA (2),<br>HUGO ISRAEL<br>　　　RODRIGUEZ-ARZATE (3),<br><br>　　　　　　Defendants. | CRIMINAL CASE NO. 3:07-CR-3218JM<br><br>DATE:　　January 7, 2008<br>TIME:　　11:00 a.m.<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT RODRIGUEZ-ARZATE'S MOTIONS<br><br>[1] TO COMPEL DISCOVERY;<br>[2] FOR JOINDER; AND<br>[3] LEAVE TO FILE FURTHER MOTIONS. |
|---|---|

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Aaron B. Clark, Assistant United States Attorney, hereby files its Response to Defendant Hugo Israel Rodriguez-Arzate's Motions to Compel Discovery, for Joinder, and Leave to File Further Motions.  This response and motion is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

//

//

I

**STATEMENT OF THE CASE**

On November 28, 2007, the Government filed a six count indictment charging Dale Stamper (1), Oscar Eduardo Prudencio (2), and Hugo Israel Rodriguez-Arzate (3), with violating 8 U.S.C. § 1324(a)(2)(B)(ii), Bringing in Illegal Aliens for Financial Gain; Title 18 U.S.C. § 2, Aiding and Abetting; and Title 8 U.S.C., Sections 1324(a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and Aiding and Abetting. On December 4, 2007, all defendants were arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

On November 15, 2007, at approximately 12:15 a.m., Customs and Border Protection (CBP) Marine Interdiction Agents (MIA) identified a vessel approximately 19 feet in length and bearing registration "CF 3015 NA" was moving in a northerly direction with no navigational lights. Agents approached the vessel and observed six people on board. Agents then commanded the vessel to halt, boarded the vessel. Agents immediately identified the vessel as a potential migrant smuggling vessel, and questioned all on board regarding their citizenship. Stamper identified himself as a United States citizen, while the remaining passengers claimed to be Mexican citizens. Stamper told the agents that he had traveled from a location South of the US/Mexico border. Agents thereafter seized the vessel and arrested Defendant Stamper and the other passengers.

Agents brought the vessel, Stamper, and the five passengers to the Marine Corps Recruit Depot (MCRD) to hand the case over to Immigration and Customs Enforcement (ICE) Marine Task Force (MTF) agents. After agent Levan arrived, he asked the CBP agents if Stamper had a cell phone. As he was handed the phone, it began to "chirp." Levan responded to the call under the ruse of being Stamper. Levan told the unidentified male on the phone that he was having fuel filter problems, was running late, and that he (the unidentified male) needed to pick a closer spot such as Mission Bay. The unidentified male told agent Levan (acting as Stamper) that it was no problem. The unidentified male then noted they would meet him in Mission Bay and to give them awhile to set up.

//

After several discussions and failed attempts to meet up, the unidentified male agreed to meet agent Levan (acting as Stamper) in the San Diego Harbor, Pepper Park, in National City.

At approximately 5:30 a.m., the unidentified male informed agent Levan that there were two spotters that would meet him once he arrived and he could find the spotters at the bathroom in the park. Approximately twenty minutes later, agent Levan witnessed a white Suburban pull into Pepper Park and drop off a Hispanic male. Agent Levan witnessed the Hispanic male meet up with another Hispanic male. Agent Levan observed both individuals walk the parking lot at Pepper park and then head towards the bathroom at the park. At approximately 6:00 a.m., Agent Levan contacted the unidentified male he had been speaking with and told him that he was ready to bring the boat into the park. The unidentified male told Agent Levan (acting as Stamper) that he was to dock the vessel, leave the people onboard, and meet with the two males that were located at the bathroom of the park. Agent Levan asked the unidentified male if he was sure the males were at the bathroom. The male responded that he was positive, since had just spoken with them. Agents thereafter made contact with the two males in the restroom, Hugo Rodriguez-Arzate and Oscar Prudencio-Cueva and queried them regarding their immigration status. Both admitted they were in the United States illegally. Rodriguez-Arzate and Prudencio-Cuevas were subsequently arrested. In interviews following a waiver of their <u>Miranda</u> rights, both admitted they were waiting to receive an alien smuggling load they were told was to arrive at the marina.

### III

### **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY**

**1. Discovery in this Matter is Current**

To date, the Government has provided Rodriguez-Arzate with 141 pages of discovery. The documents produced to date include, <u>inter alia</u>: (1) investigative reports; (2) Rodriguez-Arzate's criminal history; (3) documents seized; and (4) photographs taken during the investigation. As of the date of this filing, the Government has received no reciprocal discovery.

The above covers most of Rodriguez-Arzate's specific requests for discovery.

//
//

### 2.    **The Government Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.

The United States has provided and will continue to provide information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

As to exculpatory information, the United States is aware of its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct examination. <u>United States v. Taylor</u> , 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)). Indeed, even material believed to be exculpatory and therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See <u>United States v. Bernard</u>, 623 F.2d 551, 556-57 (9th Cir. 1979).

The government reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies. Otherwise, the government will disclose the statements of witnesses at the time of the filing of the government's trial memorandum, provided that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse <u>Jencks</u>" statements at that time.

To the extent Rodriguez-Arzate requests specific documents or types of documents, the

Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government requests that no orders compelling specific discovery by the United States be made at this time.

## IV

## NO OPPOSITION TO JOINDER OF MOTIONS OF THE CO-DEFENDANT

The United States does not object to the granting of joinder to any and all motions made by the co-defendants at the motions hearing.

## V

## NO OPPOSITION TO LEAVE TO GRANTING LEAVE TO FILE FURTHER MOTIONS

The United States does not object to the granting of leave to allow Rodriguez-Arzate to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue

## VI

## CONCLUSION

For the above stated reasons, the United States respectfully submits its Response to Defendant Rodriguez-Arzate's Motions for Discovery, Joinder, and Leave to File Further Motions.

DATED: December 31, 2007.

                                                  Respectfully Submitted,

                                                  KAREN P. HEWITT
                                                  United States Attorney

                                                  *s/ Aaron B. Clark*
                                                  AARON B. CLARK
                                                  Assistant U.S. Attorney
                                                  Email: aaron.clark@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                         )<br>                        Plaintiff,         )<br>                                                         )<br>          v.                                            )<br>                                                         )<br>                                                         )<br>DALE STAMPER (1),                       )<br>OSCAR EDUARDO                         )<br>       PRUDENCIO -CUEVA (2),    )<br>HUGO ISRAEL                               )<br>       RODRIGUEZ-ARZATE (3),  )<br>                                                         )<br>                        Defendants.    )<br>                                                         ) | Criminal Case No. 3:07-CR-3023-JM<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Aaron B. Clark, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' **Response to Defendant Rodriguez-Arzate's Motion to Compel Discovery, Joinder, and Leave to File Further Motions** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Rosaline Feral
    rferal@aol.com

2. Jodi Thorp
    jodithorp@thorplawoffice.com

3. Jack Boltax
    jbefile@gmail.com

4. Tamra DeHaan
    dehaanesq@cox.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2007

    s/ *Aaron B. Clark*
    Aaron B. Clark